## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## BEAUFORT DIVISION

| | | |
|---|---|---|
| Walter T. Godbey, #45377-083, | ) | |
| | ) | Civil Action No.: 9:15-cv-04233-JMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Warden FCI Williamsburg, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Walter T. Godbey ("Petitioner") filed this *pro se* Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging an administrative disciplinary action he received while incarcerated at the Federal Correctional Institution ("FCI") Petersburg Low.[1] (ECF No. 1.) Respondent Warden FCI Williamsburg ("Respondent") responded by filing a Motion to Dismiss, or in the Alternative, for Summary Judgment. (ECF No. 9.)

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02, the matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial handling. On September 23, 2016, the Magistrate Judge issued a Report and Recommendation ("Report," ECF No. 19) recommending the court grant Respondent's Motion for Summary Judgment (ECF No. 9), and deny the Petition (ECF No. 1). This review considers Petitioner's Objections to the Report and Recommendation ("Objections") filed October 11, 2016. (ECF No. 21.) For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 19), **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 9), and **DISMISSES** the

---

[1] The court notes that although Petitioner has filed the Petition against the Warden of FCI Williamsburg, the disciplinary action stemmed from an incident that took place at FCI Petersburg Low. Currently, Petitioner is an inmate at FCI Bennettsville. On May 16, 2016, Petitioner filed a change of address notifying all parties he had been transferred from FCI Williamsburg to FCI Bennettsville. (ECF No. 17.)

1

Petition (ECF No. 1) without prejudice.

## I.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This court concludes, upon its own careful review of the record, that the Magistrate Judge's factual synopsis is accurate and incorporates it by reference. This court will thus focus on the facts pertinent to the analysis of Petitioner's Objections.

Petitioner is presently incarcerated at FCI Bennettsville ("Bennettsville"). Petitioner alleges that on March 4, 2014, inmate Bernard Doherty ("Doherty")[2] sought him out and assaulted him. (ECF No. 1-1 at 3.) On March 26, 2014, a Special Investigation Services ("SIS") investigation was completed and an Incident Report was provided to Petitioner. (ECF No. 1-1 at 23.) Because of this "fighting incident," Petitioner was found guilty of a Disciplinary Code 201 (Fighting with Another Person) violation by a Disciplinary Hearing Officer ("DHO"), and was subject to multiple sanctions.[3] (ECF No. 1-1 at 4.) Petitioner asserts that he was never put on "lawful 'notice' of the Rules/Regs of the [Federal Bureau of Prisons] FBOP." (ECF Nos. 1-1 at 2.) Petitioner alleges DHOs improperly relied upon correctional officer ("CO") statements, and the multiple DHO Reports contained false and inaccurate information. (ECF No. 1 at 7, 11.) Petitioner asserts he has a right to self-defense (*id*. at 8), that the parameters of a Code 201 violation are too vague (*id*. at 9), that the DHO was not an independent fact finder, (*id*.), and that Petitioner's rehearing venue was improper (*id*. at 10). Petitioner also seeks to draw a comparison between himself and another inmate who had his record expunged after engaging in fighting. (*Id*.) Petitioner appealed his disciplinary sentence at multiple DHO hearings, the Southeast Regional Office, and after being repeatedly found guilty, appealed to the Central Office at

---

[2] An inmate at FCI Petersburg Low.
[3] Sanctions included: loss of commissary for ninety days; loss of twenty-seven days for good time conduct; and fifteen days of disciplinary segregation. (ECF No. 1-1 at 4, 30.)

General Counsel. (ECF No. 1-1 at 5.) Petitioner never received an answer from the Central Office. (*Id.*) Petitioner seeks an expungement of the Incident Report and the DHO Report, a transfer back to FCI Petersburg Low, the restoration of the twenty-seven days of good conduct time ("GTC"), and the restoration of Form BP 606[4] (removing five points from his record). (ECF No. 1-1 at 1.)

Petitioner filed the instant action on October 15, 2015. (ECF No. 1.) On March 15, 2016, Respondent filed a Motion to Dismiss, or in the alternative, Motion for Summary Judgment. (ECF No. 9). On March 25, 2016, Petitioner filed his Response in Opposition. (ECF No. 13.) On April 1, 2016, Petitioner filed an Affidavit in Support (ECF No. 14), and on April 15, 2016, filed a Supplemental Motion to his Response in Opposition (ECF No. 15).

On September 23, 2016, the Magistrate Judge issued a Report, recommending the court grant Respondent's Motion for Summary Judgment, and dismiss Petitioner's Petition. (ECF No. 19 at 21.) The Magistrate Judge found that the prison officials complied with the due process requirements set forth in *Wolff v. McDonnell*.[5] (*Id.*) Judge Marchant's Report found that Respondent had shown "some evidence existed to support the decision," satisfying the minimal due process standard necessary for prison disciplinary proceedings. (*Id.*) The Report dismissed Petitioner's assertions that he lacked notice of the FBOP's rules and regulations (*id.* at 11-13, 17), that he had a right to self-defense (*id.* at 15), and that his case was comparable to another

---

[4] Also called the Male Custody Classification Form ("MCC Form"), "([t]his form determines what level an inmate will be housed in, e.g., Camp, Low, Med., High)." (ECF No. 1-1 at 4.)

[5] In *Wolf*, due process is satisfied in a disciplinary hearing when: (1) an inmate receives advance notice of the charges; (2) a written statement is provided to the inmate citing the evidence relied upon by the fact finder and/or the disciplinary committee; (3) the right of an inmate to call witnesses and present documentary evidence, assuming institutional safety would not be jeopardized; (4) allowance of the inmate the aid of a fellow prison or staff member to present evidence in an understandable way; and (5) impartial fact finders. 418 U.S. 539, 563-76 (1974). The court notes that the Report only references the first three components. (*See* ECF No. 19 at 9.)

inmate's case (*id.*).    The Report also found no bias on the part of the DHO (*id.* at 19), no prejudice in Petitioner's rehearing (*id.* at 20), and no reliance by Respondent on inaccurate or false information (*id* at 14-15, 20-21). On October 11, 2016, Petitioner filed Objections to the Report.  (ECF No. 21.)

## II.    LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge's Report is only a recommendation to this court, and has no presumptive weight—the responsibility to make a final determination remains with this court.   *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made.   *Id*.   The court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections.  Fed. R. Civ. P. 72(b).  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).   Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an order from the court based upon the Report.  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  If the petitioner fails to properly object because the objections lack the requisite specificity, then *de*

4

*novo* review by the court is not required.

Additionally, *pro se* filed documents should be "liberally construed," held to a less stringent legal standard than those complaints or proceedings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, even liberally construed, objections to a Report must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b)(2). Furthermore, while *pro se* documents may be entitled to "special judicial solicitude," federal courts are not required to recognize "obscure or extravagant claims." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985)).

### III.  DISCUSSION

A petition for habeas corpus under § 2241 is the proper method to challenge the computation or execution of a federal sentence. *See United States v. Little*, 392 F.3d 671, 679 (4th Cir. 2004) (citing *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997)). A petition pursuant to § 2241 challenging the execution of a federal prisoner's sentence generally addresses "such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions …" *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2010). A § 2241 petition is appropriate where the prisoner challenges the fact or length of his confinement, but generally not the conditions of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 499-500 (1973); *Ajaj v. Smith*, 108 F. App'x 743, 744 (4th Cir. 2004). The court agrees with the Report and Respondent that Petitioner's § 2241 Petition is the proper method to challenge his disciplinary action.[6]

---

[6] The court also agrees with Respondent that Petitioner has exhausted his administrative remedies. (ECF No. 9 at 5.)

In his Objections, Petitioner accuses the Report of "misconstru[ing] and misrepresent[ing] numerous facts," and asserts that each of his nine claims should not be subject to summary judgment. (ECF No. 21.) However, though Petitioner outlines his objections in detail, very little new information is brought to the court's attention that was not sufficiently addressed by the Magistrate's Report.[7] What new information Petitioner does put forth either contradicts his position, or is insufficient to overcome the due process standard of prisoner disciplinary proceedings. As the Report notes, the Supreme Court in *Wolff v. McDonnell* only allows an inmate a minimal standard of due process in a prison disciplinary setting. (ECF No. 19 at 8-9.) The court concludes that the information brought up in Petitioner's Objections is not sufficient to abrogate the Report's recommendation of the granting of summary judgment and dismissal of the Petition.

Petitioner argues that he did not receive "fair notice" (ECF No. 21 at 12) of his Code 201 violation because he did not receive a copy of the FCI Petersburg's "Rules and Regulations" ("R&R") when he re-entered the FBOP in the summer of 2010 (after having left FBOP's custody the previous November 2009) (ECF No. 14 at 1). He argues that despite being served with a copy of the FBOP's R&R at FCI Manchester in 2005 (ECF No. 21 at 11), and having public notice of Code 201 through 28 C.F.R. § 541.3 (*id.*), a procedural mandate exists that requires a new FBOP R&R copy be provided to him. Though Petitioner cites to a case where prisoners were entitled to a copy of the rules and regulations[8] (ECF No. 21 at 12), the authority referenced

---

[7] The court notes that the arguments laid out in the first ten pages of Petitioner's Objections are essentially restated on pages eleven through twenty-nine (when Petitioner reviews each of his nine claims). (*See* ECF No. 21.)

[8] *See* Hamilton v. Love, 358 F. Supp. 338 (E.D. Ark. 1973) (holding that detainees were entitled to information regarding prisoner conduct and privileges, and that a copy of the rules would be posted near their cells). *But see* Gibbs v. King, 779 F.2d 1040 (5th Cir. 1985) (holding only that

6

is only persuasive. The court finds that the Report's citation to cases holding that the "CFR provided federal inmates with public notice of prison rules" (ECF No. 19 at 11) to be sufficient notice. Regardless, Code 201 remained unchanged despite the FBOP's R&R 2011 amendments. (ECF No. 9 at 11.)

Petitioner takes issue with the Report's dismissal of his second claim by asserting that Unit Mgr. Karen Williams ("Williams"), along with Unit Case Mgr. Altman (Altman), verbally admitted the reason behind the five points added to Petitioner's MCC Form was because he was found guilty of a Code 201 violation. (ECF No. 21 at 14.) Despite Petitioner's assertions, the court finds no record of such statements. As the Report notes, the Inmate Disciplinary Program does not use custody level adjustments as sanctions (ECF No. 19 at 12), and though Petitioner claims that "[h]ere the prison officials admit they lack authority to increase my 'Base' Score," (ECF No. 21 at 14), prison officials only lack such authority in the context of imposing sanctions derived from disciplinary convictions.

Petitioner seems to be trying to show a "quantum change in level of custody" (ECF No. 19 at 12, citing *Gosier v. Mitchell*, No. 09-931, 2010 WL 619175, at \*\*3-4 (D.S.C. Feb. 18, 2010)), by saying he faced a "severe change in conditions of confinement" (ECF No. 21 at 14). However, because Petitioner's custody classification does not impact the fact or duration of confinement, the court concludes his claim is not cognizable under § 2241. *See Preiser v. Rodriguez*, 411 U.S. 475, 499-500 (1973); s*ee also Banks v. Warden of the Federal Transfer Center*, No. 11-201, 2012 WL 728370, at \*2 (W.D. Okla. Feb. 15, 2012).

In his third Objection, Petitioner takes issue with the Report's reliance on CO statements. (ECF No. 21 at 15.) Petitioner claims the DHO's statements were contradictory, and

---

an inmate is entitled to prior notice of proscribed conduct before sanction). *Gibbs* says nothing about inmates receiving physical copies of the rules.

7

unreasonable. (*Id*. at 16-18.) He also claims that his Segregated Housing Unit ("SHU") Review was in contravention of his rights (*id*. at 18-19), that witnesses refused to admit the truth (*id*. at 20), and that he should be allowed to have a polygraph, despite admitting that FBOP is "not required to provide an inmate with a polygraph examination in disciplinary matters" (*id*. at 16). Though Petitioner argues that the DHO made contradictory statements, Petitioner also contradicts himself, claiming at different times that he did not "engage" (ECF No. 1 at 9) in the fight, that he "pushed him [Doherty] away" (ECF No. 1-1 at 39), and "that the swing did not connect [toward Doherty]" (ECF No. 21 at 16).

Petitioner tries to argue that his desired witnesses were "constructively 'unavailable'" because of the venue of the DHO hearing. (*Id*. at 20.) However, the witnesses did provide written statements, statements that simply did not help Petitioner's claims. (*Id*. at 21.) Furthermore, despite Petitioner's seeming belief that witness statements, without the physical presence of the author, correspond to obstruction, if a witness is unavailable, a statement is sufficient to satisfy a DHO hearing under 28 C.F.R. § 541.8(f)(4).

Petitioner tries to rely on *Hrbek v. Nix* to show that the "some evidence"[9] standard makes *Wolff* essentially meaningless. (ECF No. 21 at 21.) However, the court in *Hrbek* said "[w]e agree that disciplinary actions may be taken-and often they are-based only on a guard's report. Even when there is substantial evidence to the contrary, the committee may find a guard's report to be credible and therefore take disciplinary action." 12 F.3d 777, 781 (8th Cir. 1993) (citing *Hill*, 472 U.S. at 456). A CO's report is enough to qualify as "some evidence." Petitioner tries to argue that under *Wolff*, inmates have an opportunity to persuade impartial decision makers. (ECF No. 21 at 21.) The point is moot, however. Here, Petitioner has argued his case several

---

[9] *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455-457 (1985) (establishing the "some evidence" standard for a disciplinary decisions).

times, and had multiple opportunities to pursue impartial decision makers. The court agrees with the Report's finding that the DHO Reports and Hearings did not violate Petitioner's minimal due process. (ECF No. 19 at 15.)

In his Objection regarding claim four, Petitioner tries to argue self-defense. However, the Seventh Circuit Court of Appeals ("7th Circuit"), held "[w]e determine that in view of our deference to the administrative discretion of prison authorities, prisoners do not have a fundamental right to self-defense in disciplinary proceedings." *Rowe v. DeBruyn*, 17 F.3d 1047, 105253 (7th Cir.1994); *see Turner v. Sofley*, 482 U.S. 78, 95 (1987) ("[A] prison inmate retains those [constitutional] rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." (internal quotation marks omitted)). Petitioner tries to distinguish his argument by citing to *United States v. Gore*, however, *Gore* dealt with federal criminal prosecution, not with prisoner disciplinary proceedings. *Gore* is not applicable here. Prisoners do not have a right to self-defense.

Petitioner brings up retaliation multiple times in his Objections. (ECF No. 21 at 5, 21, 27.) He feels that Williams retaliated against him because he helped other inmates with their legal claims. (ECF No. 21 at 5.) The Fourth Circuit Court of Appeals has mandated that claims of retaliation should be regarded with skepticism, asserting that "*in forma pauperis* [petitioners] who claim that their constitutional rights have been violated by official retaliation must present more than naked allegations of reprisal to survive § 1915(d)." *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994). The court finds that Petitioner has offered no proof of retaliation on the part of Williams, besides Petitioner's own conclusory and accusatory statements.[10]

---

[10] The court notes that Petitioner's Objections regarding claims five through nine (pages 24-29) do not offer any new information, and concludes the Report sufficiently addressed those claims.

9

Thus, the court concludes that Petitioner has failed to state a claim under § 2241. Petitioner's Objections are largely a recitation of previously given explanations. Petitioner has failed to show a genuine issue of material fact to withstand summary judgment.

## IV.     CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 19), **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 9), and **DISMISSES** this action (ECF No. 1) without prejudice.

### Certificate of Appealability

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 28, 2017
Columbia, South Carolina